Ellen S. Mandell, Bar Counsel, Gary Fishman, and Thomas Rein, for relator.

CUYAHOGA COUNTY BAR ASSOCIATION v. FRENDEN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Frenden,*
114 Ohio St.3d 236, 2007-Ohio-3676.]

(No. 2007–0321—Submitted April 17, 2007—Decided July 25, 2007.)

**Per Curiam.**

{¶ 1} Respondent, John A. Frenden of Cleveland, Ohio, Attorney Registration No. 0031512, was admitted to the practice of law in Ohio in 1964. This court publicly reprimanded respondent in 1985 in *Disciplinary Counsel v. Frenden* (May 8, 1985), No. DD 85–2 (unreported). More recently, we suspended respondent from the practice of law for six months because he failed to apprise the judge at a probation revocation hearing that his client, who was also under police

investigation in another jurisdiction, had another pending criminal concern. See *Disciplinary Counsel v. Frenden* (1996), 74 Ohio St.3d 601, 660 N.E.2d 1152. We reinstated respondent's license on October 10, 1996. See *Disciplinary Counsel v. Frenden* (1996), 77 Ohio St.3d 1206, 671 N.E.2d 260.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we now suspend respondent's license to practice for one year, but conditionally stay the entire suspension, based on findings that he failed to provide the representation he promised to two clients and also failed to disclose to those clients and to a third client that he did not maintain professional liability insurance. On review, we agree that respondent violated the Code of Professional Responsibility as found by the board. In view of his multiple offenses and prior disciplinary record, however, we find the recommended sanction too lenient. We therefore order a one-year suspension of respondent's license with a stay of only the last six months.

{¶ 3} Relator, Cuyahoga County Bar Association, and respondent stipulated to various disciplinary violations and jointly proposed a one-year stayed suspension of respondent's license. A panel of the board heard the cause and then found most of the stipulated misconduct, as well as a violation to which the parties had not stipulated. The panel recommended a one-year stayed suspension, and the board adopted the panel's findings of misconduct and recommendation.

## Misconduct

### *The Brooks Case*

{¶ 4} In October 2004, after receiving a traffic ticket in North Carolina, Mary Brooks asked respondent to contact authorities in that state to find out how much she owed in fines and to arrange payment. She paid respondent $125 for this service. Respondent sent a letter to the relevant clerk of courts on Brooks's behalf, but he did not arrange for payment of the ticket, which carried a $100 fine, on time. Respondent also failed to advise Brooks that he did not carry professional liability insurance.

{¶ 5} Respondent thereby violated DR 1–104(A), (B), and (C) (requiring a lawyer to carry professional liability insurance or to advise the client that he does not), 7–101(A)(1) (prohibiting a lawyer from intentionally failing to seek the lawful objectives of a client), 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of employment), and 7–101(A)(3) (prohibiting a lawyer from intentionally prejudicing or damaging a client during a professional relationship).

*The Crocheron Case*

{¶ 6} Catherine Crocheron retained respondent in November 2005 to open a probate estate with respect to her deceased husband. She paid respondent $180 to cover court costs, but respondent later realized that he needed $20 more to open the estate in probate court. Respondent failed to communicate this shortfall to Crocheron and also failed to open the estate. Respondent also failed to advise Crocheron that he did not carry professional liability insurance. Respondent voluntarily refunded Crocheron's $180.

{¶ 7} Respondent thereby violated DR 1–104(A), (B), and (C), 7–101(A)(1), and 7–101(A)(2).

*The Minor Case*

{¶ 8} Tanya Minor retained respondent in May 2005 to defend her son against criminal charges in the Cuyahoga County Common Pleas Court. Eight or nine months later, Minor discharged respondent and retained another lawyer. From the time he was hired until his discharge, respondent did not maintain professional liability insurance, and he did not tell his client that he did not. Respondent thereby violated DR 1–104(A), (B), and (C).

Sanction

{¶ 9} As conditions for the proposed one-year suspension and stay, the parties suggested that respondent be required to take courses in law-office management and to improve, under the auspices of a monitoring attorney, his office-management practices.

{¶ 10} The panel and board identified the aggravating and mitigating factors in respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors included respondent's previous disciplinary record and the fact that he had committed multiple offenses by mishandling more than one client's affairs. See BCGD Proc.Reg. 10(B)(1)(a) and (d). The mitigating factors were that respondent acted improperly but not dishonestly or with a selfish motive, he made timely, good-faith restitution, and he cooperated in the disciplinary proceeding with full and free disclosure. BCGD Proc.Reg. 10(B)(2)(b), (c), and (d).

{¶ 11} We have been told that respondent has obtained professional liability insurance sufficient to bring him into compliance with DR 1–104, but we are troubled by respondent's disciplinary history and his inattention to detail. The board concluded that respondent's problems are largely due to inadequate administrative oversight in his office; however, this is no excuse for a seasoned practitioner. Respondent is not a fledgling attorney—he has been in practice for

more than 40 years, and he is now before us on disciplinary charges for the third time. Accordingly, a sanction stricter than that recommended by the board is appropriate.

{¶ 12} Respondent is therefore suspended from the practice of law in Ohio for one year; however, we order a stay of the last six months of the suspension on the conditions that respondent commit no further misconduct and that he complete at least three hours of continuing legal education in law-office management and an additional two hours in professional ethics during that period of actual suspension. If respondent fails to comply with the terms of the stay, the stay will be lifted, and he will serve the entire one-year suspension.

{¶ 13} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., O'CONNOR, LANZINGER and CUPP, JJ., concur.

PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., dissent and would impose a 12-month stayed suspension.

————————

Fred C. Crosby, Stanley E. Stein, and Ellen S. Mandell, Bar Counsel, for relator.

John B. Frenden, for respondent.